UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOMALPRETT KAUR, | No.  1:25-cv-1726-TLN-SCR |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Respondent. | |

Petitioner, an immigration detainee who is representing herself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Based on the length of time in which petitioner has been in immigration detention, the court provisionally authorizes petitioner to proceed in forma pauperis without prepayment of the filing fee in this action.  See 28 U.S.C. § 1914.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  The information contained in the § 2241 application indicates that petitioner is pregnant and received emergency medical services in November 2025 for her condition.  Further review of the medical records attached to the petition indicate that petitioner has not been receiving adequate nutrition while in custody and has

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

lost weight. See ECF No. 1 at 55 (demonstrating weight loss over a three week period of time while in custody). Based on this evidence, the court will require counsel for respondent to file a medical status report, including any necessary declarations, **no later than 5 days from the date of this order** that: 1) describes what meals and snacks are being provided to petitioner on a daily basis to meet her ongoing nutritional needs; 2) provides petitioner's current weight; and, 3) details any follow-up medical care that petitioner is receiving at the California City Detention Facility.

In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel for petitioner. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The court will appoint the Office of the Federal Defender for this District to represent petitioner.

Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return. See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is provisionally authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2. The Federal Defender is appointed to represent petitioner.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition.

4. Counsel for petitioner shall alert the court about any problems related to petitioner's access to medical care by filing a Notice or, in the alternative, an Emergency Motion for a Temporary Restraining Order.

5. At the time petitioner files a brief or amended petition, petitioner shall also file an application to proceed in forma pauperis.

6. Additionally, the Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

/////

6. Counsel for respondent shall file a medical status report, including any necessary declarations, **no later than 5 days from the date of this order** that: 1) describes what meals and snacks are being provided to petitioner on a daily basis to meet her ongoing nutritional needs; 2) provides petitioner's current weight; and, 3) details any follow-up medical care that petitioner is receiving at the California City Detention Facility.

7. The parties are directed to meet and confer **within 2 court days from the date of this order** for the purpose of submitting a joint proposed briefing schedule in this case.

8. The parties shall file a joint proposed briefing schedule and submit it to the court by emailing it to SCRorders@caed.uscourts.gov **no later than 3 court days from the date of this order**. The court shall require expedited briefing on this matter due to petitioner's medical condition.

9. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 4, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE