UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOMALPREET KAUR, | No. 1:25-cv-1726-TLN-SCR |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Respondent. | |

Petitioner is an immigration detainee who filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In her pro se habeas petition, petitioner requested immediate release from immigration custody based, among other reasons, on her severe pregnancy-related health problems which she alleges cannot be adequately addressed while in detention. ECF No. 1 at 7. In light of these allegations, the undersigned appointed petitioner counsel, served the petition on respondents, and required respondents to file a medical status report on petitioner's ongoing nutritional needs no later than five days from the date of the order. ECF No. 3. Instead of filing the medical report, respondents filed a motion for reconsideration of the procedural order requiring respondents to file that report. ECF No. 7.

Respondents' request for reconsideration is denied. Respondents contend that "a habeas petition is not the proper mechanism for challenging conditions of confinement." ECF No. 7 at 1. That is generally true. But as the Ninth Circuit noted in *Pinson v. Carvajal*, 69 F.4th 1059, 1075

1

(9th Cir. 2023), "the Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus. *See Ziglar v. Abbasi*, 582 U.S. 120, 144–45, 137 S. Ct. 1843, 198 L.Ed.2d 290 (2017) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement.") (quoting *Bell v. Wolfish*, 441 U.S. 520, 526, n.6, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979))." Given petitioner's serious allegations about inadequate care concerning her pregnancy and the supporting documents submitted with her petition, it is conceivable that this is one of those circumstances. Moreover, to the extent that petitioner's care must ultimately be addressed through an injunctive relief claim brought under 28 U.S.C. § 1331, as opposed to a habeas petition, counsel for petitioner may elect to file an amended hybrid petition for writ of habeas corpus and complaint for injunctive relief. *See Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("Plaintiffs' due process claims arise under the Constitution, and Plaintiffs invoked 28 U.S.C. § 1331, which provides subject matter jurisdiction irrespective of the accompanying habeas petition. Moreover, an implied cause of action exists for Plaintiffs to challenge allegedly unconstitutional conditions of confinement."). In the meantime, there is no justification for delaying the status report previously ordered by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents' motion for reconsideration (ECF No. 7) is DENIED;

2. Respondents are ordered to file the medical status report on petitioner's ongoing nutritional needs as ordered in ECF No. 3 within two days of the date of this order; and,

3. In the event that the required medical report is not filed within the time provided, the undersigned will issue an order to show cause based on respondents' failure to comply with a court order.

DATED: December 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2